UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR03-135Z |
| v. | |
| EMILIO CEJA-ZAVALA, aka Andres Daniel Ceja-Franco, | ORDER ON LIMITED REMAND |
| Defendant. | |

This matter comes before the Court as a result of a LIMITED REMAND Memorandum of the Ninth Circuit Court of Appeals dated January 9, 2006, and the Ninth Circuit Judgment filed in this Court on February 13, 2006, remanding pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). See United States v. Ceja-Zavala, Ninth Circuit Case No. 04-30206; CR03-135TSZ, docket no. 192. In accord with the limited remand procedures adopted in United States v. Ameline, the Court must determine whether the Court's sentencing decision "would have been materially different had the Judge been aware that the Guidelines were advisory." Ameline, 409 F.3d at 1079. The Court permitted the parties to file supplemental pleadings and to advance sentencing arguments previously barred or deemed "not ordinarily relevant" pursuant to United States v. Booker, 543 U.S. 220 (2005). See Order, docket no. 193.

ORDER  -1-

1         On May 7, 2004, this Court sentenced Defendant Emilio Ceja-Zavala to one hundred
2  twenty-one (121) months custody and five (5) years supervised release as a result of his
3  guilty plea, entered by the Defendant on July 1, 2003, to Conspiracy to Distribute
4  Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1),
5  841(b)(1), and 846.  <u>See</u> Plea Agreement, docket no. 60; Minutes of Sentencing, docket no.
6  163.  This sentence was one month more than the minimum mandatory sentence.
7         The Court has reviewed all supplemental pleadings and the sentencing factors
8  considered by the Court prior to the original sentencing.  Based on this review, the Court
9  finds that the Court's sentencing decision would not have been materially different had the
10 Court known the Sentencing Guidelines were advisory.  Given the Defendant's free
11 admission that the offense of conviction involved approximately eight pounds of a substance
12 containing methamphetamine, the Defendant's level of involvement in the drug trafficking
13 organization that sent its ill-gotten gains to Mexico, the reasons behind why the Defendant
14 could not receive a sentence less than the mandatory minimum, <u>see</u> Gov't Sentencing Mem.,
15 docket no. 157 (under seal), the Defendant's prior conviction under the Violation of the
16 Uniform Controlled Substances Act, the Defendant's agreement with the Probation Office's
17 recommendation of a minimum of 121 months in custody, <u>see</u> Def.'s Sentencing Mem.,
18 docket no. 161, at 2, and the fact that the Government agreed not to file an information that
19 would have doubled the mandatory minimum sentence to twenty years, the Court continues
20 to believe that the sentence imposed is appropriate under all the circumstances.  Accordingly,
21 no further hearing is required in this case.
22        The Clerk is directed to close this case.
23        IT IS SO ORDERED.
24        DATED this 21st day of March, 2006.

                                                    /s/ Thomas S. Zilly
                                                    Thomas S. Zilly
                                                    United States District Judge

ORDER  -2-